```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

CHRISTINE FALLER,                  :
                                   :   NO. 1:04-CV-00440
      Plaintiff,                   :
                                   :   **OPINION & ORDER**
                                   :
  v.                               :
                                   :
                                   :
THE UNIVERSITY HOSPITAL,           :
                                   :
      Defendant.                   :

        This matter is before the Court on the Report and Recommendation of the assigned Magistrate Judge (doc. 20), the Objections of Defendant Filed Thereto (doc. 22), and Plaintiff's Response to Defendant's Objections (doc. 30).

        Plaintiff Christine Faller (hereinafter "Faller") brings this action against her former employer The University Hospital (hereinafter "Hospital") alleging a violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq. Before the Magistrate Judge was the Defendant's Motion to Dismiss (doc. 8), the Plaintiff's Memorandum in Opposition (doc. 17), the Defendant's Reply Memorandum (doc. 18), and the Plaintiff's Motion for Leave to File a Surreply Memorandum in Opposition to the Motion to Dismiss (doc. 19). The Magistrate Judge granted Plaintiff's Motion to file a Surreply (doc. 19).

        Faller initially proceeded pro se in this matter (on December 14, 2004 counsel for Faller filed a notice of appearahce)

(doc. 20). In her complaint, Faller alleges she was on "layoff" from the Health Alliance (Christ Hospital) from July 2001 until January 2002 at which time she was scheduled to return to work for the Health Alliance at the Hospital (Id.). Faller maintains she received explicit promises from the Hospital that she would retain her health care coverage as an ongoing employee upon her return (Id.). Prior to her scheduled return to work the first week of January 2002, Fuller developed shingles and, as a result, was not released for work until March 2002 (Id.).

Faller's Complaint states that when she returned to work she was considered a brand new employee, "due to what is regarded as a break in service" (Id.). Faller contends that the Hospital did not inform her that upon return to work she would be classified as a brand new employee (Id.). She maintains that the Hospital treated her as a "non-employee from the first week in January 2002 until my return to work in March 2002, rather than an employee who was off because of a serious illness covered by the Family Medical Leave Act" (Id.). Consequently, Faller notes that she did not have medical coverage from the first week in January 2002 until her return to work in March 2002 (Id.). Faller alleges that she was fired after she attempted to use, in good faith, her health insurance card during this time frame (Id.). Faller seeks reinstatement and damages (Id.).

In December of 2001, Faller avers that the Hospital

-2-

advised her that a position was available for her and that she was to return to work as a rehire on January 7, 2002 (Id.).  During those discussions, Faller maintains that she was counseled that she would be "grandfathered" in with regard to benefits and pension (Id.).  On June 20, 2002, Faller was terminated based on the claim that she improperly utilized medical benefits (Id.).  Faller contends that the Hospital willfully violated her rights as secured by the FMLA "using the subertfuge of a 'purported' fraud, and that there is a casual connection between her protected FMLA activity and the adverse employment action by" the Hospital (Id.).

The Magistrate Judge aptly notes that the FMLA prohibits attempts by employers to interfere with or deny the exercise of rights guaranteed by the FMLA (Id. citing 29 U.S.C. §§ 2615(a)(1) & 2617).  The Hospital seeks dismissal of Faller's Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because Faller failed to file her FMLA claim within the applicable two-year statute of limitations (Id.).  The two-year statute of limitations for FMLA claims, reports the Magistrate Judge, begins to run from "the date of the last event constituting the alleged violation for which such action is brought" (Id. citing 29 U.S.C. § 2617(c)(2); Ricco v. Potter, 377 F.3d 599, 602 (6th Cir. 2004)).  The Magistrate Judge notes that an employer can willfully violate the FMLA "when it acts with knowledge that its conduct is prohibited by the [Act] or with

reckless disregard of the [Act's] requirements; therefore, the determination of willfulness involves a factual question" (Id. qutoing Ricco at 602).

The Hospital contends that Faller's FMLA action accrued in March 2002 and expired two years later in March 2004 (Id.). The Hospital maintains that Faller's action began to accrue at the end of the period for which Faller is claiming the Hospital failed to afford her FMLA leave (Id.). The Hospital argues that Faller filed her Complaint on July 6, 2004 (Id.). Thus, the Hospital maintains that her claim is time-barred and, even if the Court were to find that June 21, 2004, the date that Faller first presented her complaint for filing to the Clerk is considered the applicable filing date, the action is still time-barred (Id.)

The Magistrate Judge, however, found that Faller did file her Complaint within the applicable two-year statute of limitations (Id.). Construing Faller's pro se Complaint liberally, the Magistrate Judge first determines that the date of the last event constituting the alleged FMLA violation was the date Faller was fired for allegedly misusing the Hospital's health benefits during the January through March 2002 period (Id.). Accordingly, the Magistrate Judge finds that the statute of limitations began to run on June 20, 2002 setting the date for which Faller's action had to be filed as June 20, 2004 (Id.).

June 20, 2004 fell on a Sunday and the Magistrate

-4-

Judge notes that Faller had until June 21, 2004 to file her Complaint (Id. citing Fed. R. Civ. P. 6(a)). Faller presented her Complaint and in forma pauperis application for filing on June 21, 2004 (Id.). Although the Complaint was not technically filed until July 6, 2004 when the Court granted her in forma pauperis application, the Magistrate Judge reports that under the rules of this Court the filing period is tolled during the pendency of a plaintiff's in forma pauperis application (Id. citing Truitt v. County of Wayne, 148 F.3d 644, 646-47 (6th Cir. 1998); Powell v. Jacor, 320 F.3d 599, 603 (6th Cir. 2003)). Accordingly, the Magistrate Judge concludes that Faller's Complaint was filed within the general two-year statute of limitations and that the Hospital's Motion to Dismiss (doc. 8) should be denied (do. 20).

The Hospital objects to the Report and Recommendation, arguing that the Magistrate Judge's liberal reading of Faller's Complaint is incorrect (doc. 22). The Hospital urges the Court to view Faller's Complaint as alleging only that "the . . . Hospital violated . . . [her] rights under the . . . [FMLA} when it did not afford FMLA leave during the January - March 2002 period when . . . [she] suffer[ed] from shingles . . ." (Id.). Unlike the Magistrate Judge, the Hospital does not find Faller's Complaint supports an argument that her termination on June 20, 2002 is causally connected to her earlier request for FMLA leave (Id.). Therefore, the Hospital argues that the two-year statute of

limitations expired on March 31, 2002 not June 20, 2002 (Id.).

Faller, in her Response to the Hospital's Objections (doc. 30), argues that her pro se Complaint sufficiently alleges an FMLA violation with the last constituting event being her termination for alleged improper and fraudulent use of the Hospital's health insurance card to obtain medical benefits (doc. 30). Faller aptly notes that a pro se litigant's filings are held to less stringent standards than formal pleadings drafted by lawyers - in other words, a pro se litigant's filings will be liberally construed to determine whether it states a claim upon which relief can be granted (Id. citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). Faller urges a reasonable and liberal reading of her pro se Complaint (Id.).

The Court agrees that a liberal reading of Faller's Complaint is warranted. In so doing, the Court, like the Magistrate Judge, concludes that Faller's pro se Complaint sufficiently alleges a violation of her FMLA rights when she was fired for her alleged improper and fraudulent use of her insurance card - an event which stemmed from her time off during the January - March 2002 time frame. The Magistrate Judge's analysis concerning the time-frame is correct. Faller was fired on June 20, 2002. Since, June 20, 2002 fell on a Sunday she had until the next day, the 21st, to file her Complaint. Faller did so presenting her Complaint and in forma pauperis application on the 21st of June

-6-

2002. Additionally, the Magistrate Judge correctly notes that <u>Truitt</u> and <u>Powell</u> and the rules of this Court permit the tolling of the applicable statute of limitations in this circumstance. As such, despite that Faller's Complaint was not technically filed until July 6, 2004, it is deemed filed June 21, 2004 and, thus, not time-barred.

Pursuant to 28 U.S.C. § 636(b), the Court has reviewed the Report and Recommendation <u>de</u> <u>novo</u>. The Court finds that the Magistrate Judge's Report and Recommendation is well-reasoned and thorough. Consequently, the Magistrate Judge's Report and Recommendation (doc. 20) is hereby ADOPTED IN ITS ENTIRETY. The Hospital's Motion to Dismiss (doc 8) is DENIED.

SO ORDERED.

Dated: June 21, 2005        /s/ S. Arthur Spiegel

                                    S. Arthur Spiegel
                                    United States Senior District Judge